# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Premier Healthcare Solutions, Inc., Conductiv Contracts, LLC, and Conductiv, Inc.

### DEFENDANTS
Thomas Jefferson University

**(b)** County of Residence of First Listed Plaintiff: **New Castle (Delaware)**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia (PA)**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan L. Cochran (Stapleton Segal Cochran LLC, 1760 Market Street, Suite 403, Philadelphia, PA 19103, 215-561-1500)

Attorneys *(If Known)*
Nicholas Poduslenko (Obermayer Rebmann Maxwell & Hippel LLP, Center Square West, Suite 3400, 1500 Market Street, Philadelphia, PA 19102)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
Defendant wrongfully repudiated contract and confidential obligations to plaintiffs, and damaged plaintiffs.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** to be determined at trial

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 5/6/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan L. Cochran

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. *Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  ***see certification below***
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

**B. *Diversity Jurisdiction Cases:***

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Premier Healthcare Solutions, Inc., Conductiv Contracts, LLC, and Conductiv, Inc., <br><br> Plaintiffs, <br> v. <br><br> Thomas Jefferson University, <br><br> Defendant. | Civ. Action No. _____ |

## COMPLAINT

Plaintiffs Premier Healthcare Solutions, Inc. ("Premier Healthcare Solutions"), Conductiv, Inc. ("Conductiv"), and Conductiv Contracts, LLC ("Conductiv GPO," and collectively with Premier Healthcare Solutions and Conductiv, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully state their claims against Defendant Thomas Jefferson University ("Jefferson").

### INTRODUCTION

1. This is a breach of contract action seeking declaratory relief and damages due to Jefferson's wrongful repudiation of its contractual obligations to Plaintiffs.

2. █████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

3. In July of 2024, Jefferson sent a letter to Plaintiffs claiming that Plaintiffs were in material breach of their obligations under the Technology Agreements. Plaintiffs categorically deny any breaches and responded via letter explaining that Plaintiffs had at all times complied with their contractual obligations and that Jefferson's allegations of breach, which were wholly conclusory, had no support in the contracts or the facts.

4. The parties then continued their contractual relationship for nearly eight months, ████████████████████████████████████ ████████████████████████████ Plaintiffs believed Jefferson's concerns had been resolved and continued to perform in good faith under the

2

Technology Agreements notwithstanding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

5. On April 1, 2025, in an apparent about-face and with no advance warning to Plaintiffs, Jefferson sent Plaintiffs a purported "Notice of Termination of Agreements." This letter referred vaguely back to Jefferson's letter from July 2024 and stated that Jefferson was terminating the Technology Agreements "for cause" because the alleged, unspecified breaches under the Technology Agreements had not been cured.

6. This purported termination of the Technology Agreements was a wrongful repudiation of Jefferson's obligations to Plaintiffs, and a material breach of the Technology Agreements. Accordingly, Plaintiffs have filed this action seeking declaratory relief that (1) Plaintiffs have not materially breached the Technology Agreements, (2) Jefferson has no right to terminate the Technology Agreements, and (3) Jefferson's purported termination notice was a wrongful repudiation, and material breach, of the Technology Agreements entitling Plaintiffs to damages for such breach.

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3

8. Plaintiffs request declaratory relief that they have not breached the Technology Agreements and that Jefferson has anticipatorily breached the Technology Agreements, as well as damages due to Jefferson's material breach of the Technology Agreements, including interest.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. Jefferson is organized and headquartered in Pennsylvania. Plaintiffs are organized in Delaware and North Carolina and headquartered in North Carolina. No members of Conductiv GPO, a Delaware LLC, are headquartered or organized in Pennsylvania.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Jefferson is incorporated and maintains its principal place of business in this District. A bench trial is requested.

## PARTIES AND RELEVANT NON-PARTIES

11. Plaintiff Premier Healthcare Solutions is a Delaware corporation. Plaintiff Conductiv is a North Carolina corporation. Plaintiff Conductiv GPO is a

Delaware LLC.  Each Plaintiff has its principal place of business in Charlotte, North Carolina.[1]

12. Thomas Jefferson University ("Jefferson") is a domestic nonprofit corporation registered in Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania.  Jefferson is the parent organization of a system of hospitals and medical providers located primarily in Pennsylvania and New Jersey. ███████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

## RELEVANT AGREEMENTS

13. This dispute concerns several commercial agreements between the parties.

14. **First**, Plaintiffs and Jefferson are parties to the Technology Agreements, through which Premier Healthcare Solutions and certain of its affiliates, including Conductiv and Conductiv GPO, provide certain services and technology products to Jefferson (collectively, the "Solutions"). ███████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[1] None of the limited liability company members of Conductiv GPO is registered or headquartered in Pennsylvania.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

15. ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████

16. **Third**, ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████

17. The parties also agreed to specific terms for each of the Solution Exhibits. The Technology Agreement, ████████████████████

████████████████████████████████

6

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

### JEFFERSON MANUFACTURES A PURPORTED BREACH

18. For over a decade, Plaintiffs and Jefferson had a successful and mutually beneficial business relationship pursuant to these contracts. ████████ ███████████████████████████████████████████████ ███████████████████████████████████████

19. Plaintiffs valued their relationship with Jefferson and went "above and beyond" what the Technology Agreements required to keep Jefferson happy, and to enable Jefferson to continue serving the needs of patients in the Philadelphia region. █████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████

7

8

███████████████████████████████████████████

██████████████████████████████████ These actions and others clearly demonstrate Plaintiffs' commitment to the partnership and good-faith performance under the Technology Agreements.

20. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

21. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████ Plaintiffs also expressed their desire to keep working with Jefferson and resolve any disagreements amicably.

22. Following this exchange of letters through counsel, the parties continued to work together for nearly eight additional months. ████████

████████████████████████████████████████

████████████████████████████████████████

████████████ Plaintiffs believed that their response to the claims of breach raised by Jefferson resolved any possible issues arising from Jefferson's side, and that the parties would continue their decade-long relationship.

23. Despite Plaintiffs' continued efforts to go "above and beyond" for Jefferson, ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

24. Furthermore, putting aside that there were no such breaches of the Technology Agreements, ████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████

25. To terminate for cause, the Technology Agreement states that

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

26. Additionally, to terminate the Conductiv GPO Agreement "for cause," Jefferson was required to first ████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████

27. Accordingly, Jefferson had no basis to argue that Plaintiffs had materially breached the Technology Agreement, the Conductiv GPO Agreement, or any of the other Solution Exhibits active under the Technology Agreement. Even assuming *arguendo* such a breach had been alleged, Jefferson has not provided █ ████████████████████████████████████ Any purported

---

[2] The July letter from Jefferson stated that Jefferson "intends to terminate the [Technology Agreement], as amended, and any existing and open Solution Exhibits associated with the same," but did not allege any breaches of those Agreements which would require cure or which could support a termination "for cause."

11

"termination" by Jefferson is itself both a material breach of the Technology Agreements and an anticipatory repudiation of Jefferson's obligations under them. In particular, and as described herein, ███████████████████████████

███████████████████████████

███████████ Given there was no material breach on the part of Plaintiffs, there was likewise no "cause" to terminate the Technology Agreements early. That Jefferson wishes to avoid paying damages and even liquidated damages it now owes to Plaintiffs is not a basis for "cause."

28. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

29. Plaintiffs now seek declaratory relief that they have not materially breached the Technology Agreements and that Jefferson has wrongfully terminated the Technology Agreements, as well as damages including interest.

**COUNT I: Breach of Contract (Technology Agreements)**

30. Plaintiffs repeat and reallege all of the allegations in Paragraphs 1-29 as if fully set forth herein.

31. Plaintiffs and Jefferson entered into the Technology Agreement, as amended and as supplemented by the Solution Exhibits, which is a valid and binding agreement.

32. █████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

33. █████████████████████████████████████
████████████████████████████████████████

██████████ Prior to this letter, Plaintiffs did not materially breach the Technology Agreement or its incorporated Solution Exhibits. ████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████
███████████

34. Given Plaintiffs did not materially breach the Technology Agreement or its incorporated Solution Exhibits, and ██████████ ███████████████████████████████ Jefferson's purported termination of the Technology Agreement and such Solution Exhibits was a wrongful anticipatory repudiation, and material breach, of the Technology Agreement and such Solution Exhibits.

35. Additionally, pursuant to the Technology Agreements, Plaintiffs have ████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

36. ████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

37. Plaintiffs have been damaged by Jefferson's material breaches of the Technology Agreement and the incorporated Solution Exhibits. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, Plaintiffs request damages in an amount to be proven at trial, plus any pre- or post-judgment interest that may apply.

**COUNT II : DECLARATORY JUDGMENT (Breach of Technology Agreements)**

38. Plaintiffs repeat and reallege all of the allegations in Paragraphs 1-37 as if fully set forth herein.

39. Plaintiffs and Jefferson entered into the Technology Agreement, as amended, which is a valid and binding agreement.

40. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

41. On April 1, 2025, Jefferson purported to terminate the Technology Agreement and its Solution Exhibits effective as of June 30, 2025

15

without any basis to do so under the Agreements. This purported termination was a wrongful anticipatory repudiation and material breach of Jefferson's obligations under the Technology Agreement and the Solution Exhibits.

42. Under 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

43. There is a present and actual controversy between the parties concerning whether Plaintiffs or Jefferson have breached the contracts and whether Jefferson has the right to terminate the contracts.

44. Accordingly, Plaintiffs respectfully request the Court enter a declaratory judgment that:

(a) Plaintiffs have not breached the Technology Agreement or the Solution Exhibits;

(b) Jefferson wrongfully terminated the Technology Agreement and the Solution Exhibits; and

(c) Jefferson's breach of the Technology Agreement and Solution Exhibits was an anticipatory repudiation of those contracts.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request entry of a judgment in their favor and against Jefferson as follows:

(a) Declaratory relief that Plaintiffs have not breached the Technology Agreement or the Solution Exhibits incorporated therein, Jefferson wrongfully terminated the Technology Agreement and such Solution Exhibits, and Jefferson's breach of the Technology Agreement and such Solution Exhibits was an anticipatory repudiation of those contracts;

(b) A determination that Jefferson materially breached its obligations under the Technology Agreement and the Solution Exhibits incorporated therein, that Plaintiffs have been damaged by such breaches, and that Jefferson is liable to Plaintiffs for such breaches;

(c) Compensatory damages in an amount to be proven at trial, plus pre- and post-judgment interest;

(d) An award of attorneys' fees and expenses; and

(e) Such other and further relief as may be proper.

Dated: May 6, 2025

        STAPLETON SEGAL COCHRAN LLC

        By: /s/ *Jonathan L. Cochran*
        Jonathan L. Cochran (PA ID 314382)
        1760 Market Street, Suite 403
        Philadelphia, PA 19103
        Telephone: (215) 261-5210
        jcochran@stapletonsegal.com

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Tammy L. Mercer
        (*pro hac vice forthcoming*)
        Rodney Square
        1000 North King Street
        Wilmington, DE 19801
        Telephone: (302) 571-6600
        Email: tmercer@ycst.com

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Amanda K. Pooler
        (*pro hac vice forthcoming*)
        227 West Trade Street, Suite 1910
        Charlotte, NC 28202
        Telephone: (980) 431-7838
        Email: apooler@ycst.com

        Attorneys for Plaintiffs Premier Healthcare Solutions, Inc., Conductiv, Inc., and Conductiv Contracts, LLC